The Chancellor.
The receipts or certificates given by John Ely to his wife, show that the monies therein stated to have been received by him from her, were the monies of the estate of the testator Ferdinand Shibla. Deborah, the wife of *184 Ely, was the executrix of Shibla’s will, and, as such, held this money in trust. Her being by the will entitled to the use of it during her life, does not destroy the trust character in which she, as executrix, held the money. John Ely, her second husband, having, after his intermarriage with her, received a part of this money, was bound by the same trust, Scho. and Lef. 270. He must be held to have become possessed in right of his wife of such of the assets of the testator of whose will she was executrix as he received from her; and, as husband of the executrix, he was rightfully possessed ; the money was in the hands of both as trustees. And if this was not so, trusts are enforced, not only against him who is rightfully possessed of the trust property as trustee,• but also against one who comes into possession of the property bound by the trust with notice of the trust; lb. 262. And on his death his assets are chargeable in equity for the money so received by him; Ibid, 243, 265, 6, 272.
This disposes of all the grounds of defence set up in the answers except one. It disposes of the statute of limitation ; for it does not run against trusts; it disposes of the defence that the remedy is at law; for all trusts are cognizable here; it disposes of the defence set up in the supplemental answer, that this claim has been presented to the defendant, as surviving administrator of Ely, under an order of the Orphan’s Court limiting the creditors of John Ely deceased, and is pending undetermined in that court. By an order of that court, the creditors of John Ely, deceased, were limited to a certain time within which to present their claims, under oath, to the administrator of his estate, the defendant in this suit. This could not oust the jurisdiction of this court; nor does the fact that the complainants in this case, in pursuance of the said order and in compliance therewith, presented this claim. It was certainly prudent that they should do so. But this is the proper tribunal for the settling of the questions arising in this case.
Another ground of defence is taken in the answer. The defendant says he is informed and believes that John Ely, in his life time, accounted with his wife, the executrix of Ferdinand Shibla, deceased, for the monies he so received of her.
If an executrix or administratrix marries and the goods of her *185 testator or intestate come into the actual possession of the husband and are wasted during the coverture, there can he no doubt the husband is liable ; and on his death, his assets are chargeable in equity. The executrix surviving would also be liable, if the assets of the husband proved insufficient. It is unnecessary to say, in this case, whether the assets of the husband, after his decease, would be liable if he, in. his life time, replaced the monies or goods in the hands of the wife, the executrix, in case they were afterwards wasted by her. It is sufficient for present purposes in this case, to say, that if he replaced the money in her hands, and it was not wasted, but remained in her hands, or has since her death come into the hands of her personal representative, it would he just and equitable towards the estate of her second husband, and the creditors of that estate, to charge, in the first place, the estate of the deceased executrix in the hands of her administrator. But how can I, in this cause, and between these parties, declare and decree that the monies were repaid by John Ely to his wife 1 Her administrator is not before the court. The decree in this cause, that he had repaid, could be no foundation for a suit in which to charge her estate. The complainants, then, are here with the suit in such position as to parties, that it cannot be settled in favor of the estate of John Ely, even if the proof, as now made between the parties, were entirely satisfactory that Ely repaid. If the administrator of Deborah Ely had been made a party, he might have been, able satisfactorily to resist the allegation of repayment, and thus show, at least, that Ely’s estate should he first resorted to.
On the other hand, if it was entirely clear that John Ely did not replace the monies, I do not understand that the complainants here would he entitled to any preference out of his estate over other creditors ; and if they were, his whole estate might be insufficient to pay this claim : in which event, as before said, the assets of the wife’s estate would he answerable for the residue ; and thus two suits would he necessary before an end of this matter could be reached.
No demurrer was filed to the bill, and therefore it should not be dismissed. I think the case should stand over that the proper parties may be made defendants.
*186 As to the question, whether John Ely replaced these monies, any result the court might come to on the evidence now before it would ho little better than conjecture j and the case shows that more light might have been furnished to the court on the subject. By the course which I have suggested as proper to be taken, an ' opportunity will be afforded for additional proof on this subject.